UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT BAHAMUNDI,

                Plaintiff,

      -against-

MICHEAL CURTI; PATRICK A. MACARCHUK,

                Defendants.

25-CV-411 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his federal constitutional rights. By Order dated February 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the following reasons, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff names two Defendants in his complaint: (1) Micheal Curti, identified as an "Administrator," and (2) Patrick A. Macarchuk, identified as an "Executor."[1] (ECF No. 1 at 2.) Plaintiff alleges that Defendants violated his rights under 42 U.S.C. §§ 1983, 1985, 1986, 12203; the Sixth Amendment to the United States Constitution; and 18 U.S.C. §§ 241, 242. (*Id.* at 2, 5.) He seeks $200,000 for his "time in court" and "emotional distress." (*Id.* at 6.) Plaintiff does not include any facts in his complaint about the events giving rise to this action.

## DISCUSSION

**A.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

Plaintiff does not plead any facts in the complaint about what Defendants did to violate his rights. Plaintiff's allegations therefore do not comply with Rule 8, because he does not provide a short and plain statement giving Defendants fair notice of the claims he is asserting and the grounds on which they rest. *See* Fed. R. Civ. P. 8(a)(2).

**1.     Claims under 42 U.S.C. § 1983**

Plaintiff states that Defendants violated his federal constitutional rights under 42 U.S.C. § 1983. To state a claim under Section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff does not allege that Defendants are state actors or that their conduct can be attributed to the state. Plaintiff appears to assert that Defendants unlawfully harmed him, but does not describe facts about what occurred or how Defendants allegedly violated his rights. Because Plaintiff has not articulated a viable legal claim under Section 1983, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2.     Prosecuting criminal claims**

Plaintiff also appears to seek the criminal prosecution of Defendants, referencing two federal criminal statutes in his complaint—18 U.S.C. § 241 and 18 U.S.C. § 242. However, neither Plaintiff nor the Court can initiate the prosecution of an individual, because "the decision

to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (per curiam). Moreover, prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff can report criminal activity to law enforcement authorities, who then have discretion in determining whether to prosecute. Accordingly, the Court dismisses Plaintiff's claims arising under federal criminal statutes for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because of Plaintiff's *pro se* status, and out of an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to provide facts to support his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  September 4, 2025
        New York, New York

                                              /s/Kimba M. Wood
                                           KIMBA M. WOOD
                                        United States District Judge